[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the City of Meriden CT Page 15289 Board of Assessment Appeals. The appeal is authorized by §12-117a of the General Statutes of the State of Connecticut. Plaintiff's claim arises from a decision of the City of Meriden Board of Assessment Appeals denying plaintiff's appeal to reduce the real property assessment of 43 North Third Street, Meriden Connecticut. In the appeal before the board the plaintiff alleged that the presence of toxic lead levels in and on his property diminished the properties value posing an environmental risk to people, and exposes him to a significant costs for abatement of lead painted surfaces.
In the application to the Court the plaintiff complained as follows:
 1. The applicant, on April 17, 1997 was the owner of a parcel known as 43 North Third Street, located in the City of Meriden, said parcel more particularly known as Map-Block-Parcel Number 0603-160-017.
 2. The last periodic revaluation of real estate by the assessor of the City of Meriden Connecticut, was as of October 1, 1992.
 3. The assessor of the City of Meriden determined the full value of the parcel in the Grand List of October 1, 1996 to be $105,000.
 4. The assessor determined that all property should be liable for taxation at seventy percent of its true and actual value on October 2, 1992.
 5. The current assessed value of the parcel at the seventy percent assessment rate is $73,500.
 6. The assessor's determination of the true and actual value of the parcel is erroneous because the parcel is unfit for habitation due to contamination by lead paint as determined by a March 26, 1997 inspection of the property by a certified lead inspector. The estimated cost of abating the toxic levels of lead is $63,000.
 7. The applicant duly appealed to and appeared before the Board of Assessment Appeals claiming to be aggrieved by an assessment of the parcel's worth that did not reflect the actual condition of the parcel, and the lawful use to CT Page 15290 which the parcel could be put. On April 22, 1997, the board refused to make any change in the assessed value of the parcel after a hearing at which the applicant presented evidence.
 8. The Board of Assessment Appeals sent notice of its decision to the applicant after its April 22, 1997 meeting.
 9. The applicant is aggrieved by the decision of the Board of Assessment Appeals.
On or about August 11, 1997 the City of Meriden answered this complaint. The City admitted the allegations contained in paragraphs one, two, three, four, five, eight and nine of the plaintiff's complaint dated June 19, 1997.
The allegations contained in paragraphs six and seven of the complaint were denied by the City.
The Court held a hearing on October 14, 1999. Before taking testimony the Court decided two preliminary motions. The first motion was a Motion To Dismiss which asserted that the Court lacked jurisdiction to hear this appeal because assuming the plaintiff's property is contaminated by lead paint, there is no governmental order in place requiring him to abate the condition. The Court sustained the defendant's objections to this motion and denied the Motion To Dismiss.
Inasmuch as no governmental order was in place requiring the plaintiff to abate the condition, the question of a possible appeal from an administrative order was entirely moot.
Prior to the hearing the defendant filed a motion pursuant to Practice Book 13-4 to preclude the plaintiff from submitting expert reports concerning the market value of this subject property and the estimated cost of abating the toxic levels of lead. Testimony revealed that one report from Safel Homes was dated March 20, 1997 and the other report from John Lo Monte was dated June 30, 1997. Neither of these reports had been timely disclosed to the defendant. The Court sustained the defendant's Motion To Preclude finding that the failure to timely disclose caused undue prejudice to the defendant.
The plaintiff elected to proceed without expert testimony CT Page 15291 relying upon his own testimony that the property had a fair market value of $65,000. and that it would cost $63,000. to remedy the lead paint condition. Plaintiff was unable to give any clear evidence as to how he arrived at the figure of $65,000. and did not make it clear to the Court whether his valuation of the property was before or after a deduction of $63,000. for the cost of repairs. The plaintiff purchased this property in 1986. The property contains seven rental units in two buildings and produces approximately $35,000. in annual rentals from all of the units. As of the date of the hearing the property was fully rented and had been for sometime. The plaintiff makes a practice of disclosing the lead paint condition to all prospective tenants and refuses to permit occupancy by any potential occupant who is six years of age or younger. Plaintiff testified that he has other rental property in the City of Meriden which is contaminated by lead paint; that he has received administrative orders requiring that the property remain uninhabited until this contamination is abated; that he has successfully applied to the Board of Assessment of Appeals for relief by way of assessment reductions on these properties.
Plaintiff also testified that the present assessment on the subject property resulted from an appeal he took in 1993. As a result of this appeal the Board reduced his assessment on the subject property from $89,600. to $73,500. the current assessment. This application was not predicated on lead contamination.
The defendant offered the testimony of the Deputy Assessor of the City of Meriden. Mr. Mordarski, the assessor, verified the card assessment of the subject property was $73,500. and the true and actual value of the property was $105.000. He noted that the Board had modified the assessment of this property as a result of plaintiff's 1993 appeal. Mr. Mordarski testified that the assessment records of the City of Meriden contain no notice of any governmental abatement orders regarding this property. He noted that in instances where abatement orders have been issued and property have become non-habitable the assessor has reduced assessments on these properties.
The tax payer bears the burden of establishing the improprieties of the assessor's valuation, Zerox vs. The Board ofTax Review, 240 Conn. 192-204 (1997). The burden of proof is on the taxpayer who claims aggrievement to prove that the assessor's valuation is not the true and actual value of the property. CT Page 15292Executive Square Ltd. Partnership vs. Board of Tax Review,11 Conn. App. 566-571 (1987). Plaintiff offered no evidence based upon the income approach, the replacement cost method or the sales comparison approach to justify his opinion of the true and actual value of this property. Defendant was under no obligation to submit expert testimony in support of its evaluation. SearsRobuck and Co. vs. Board of Tax Review, 240 Conn. 749-756 (1997).
Since plaintiff has failed to demonstrate that the assessed value of the subject property is not seventy percent of the true and actual value of his property, the appeal is dismissed.
Dorsey, J. Judge Trial Referee